IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | NO. 12-685 |
| v. | : | |
| | : | CIVIL ACTION |
| KAREEM MCBRIDE | : | NO. 16-1622 |

**MEMORANDUM**

**Chief Judge Juan R. Sánchez**                                                 **February 21, 2024**

      Kareem McBride filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside and Correct the Sentence he received for violating 18 U.S.C. § 924(c), using and carrying a firearm in furtherance of a crime of violence, and as a career offender under the residual clause of U.S. Sentencing Guideline § 4B1.2(a)(2). At issue in McBride's motion is whether, after the Supreme Court's decisions in *Johnson v. United States,* 576 U.S. 591 (2016), and *United States v. Davis,* 139 U.S. 2319 (2019), his predicate offense for the § 924(c) conviction and his "instant offense of conviction" for purposes of the career offender enhancement, Hobbs Act robbery, constitutes a "crime of violence." Because the Third Circuit has now joined the "unanimous Circuit authority" holding it does, McBride's motion shall be denied.

**FACTUAL BACKGROUND**

      McBride was indicted on December 29, 2012 on charges of Hobbs Act robbery in violation of 18 U.S.C. § 1951(a), using and carrying a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1), and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). These charges arose out of a robbery during which McBride pointed a handgun at employees of a food market in Philadelphia, to obtain $40 in cash on October 12, 2012.

1

Indictment 1-4, ECF No. 1.  McBride pled guilty to these offenses on May 30, 2013 and was sentenced on April 2, 2014 to a term of imprisonment of 96 months on Counts 1 and 3 (Hobbs Act robbery and felon in possession) and a consecutive term of 84 months on Count 2 (using firearm in furtherance of crime of violence), followed by three years of supervised release.  Judgment 2-3, ECF No. 34.  McBride appealed the judgment of conviction and sentence, but the Third Circuit affirmed on September 15, 2015.  ECF No. 45.

On April 6, 2016, McBride filed a counseled Motion to Correct Sentence Under 28 U.S.C. § 2255, arguing his predicate crime of Hobbs Act robbery no longer qualified as a "crime of violence" under § 924(c) following the Supreme Court's decision in *Johnson*.[1]  Mot. Correct Sent.1, ECF No. 46.  McBride further argued that *Johnson* also invalidated his career offender status under the residual clause of U.S.S.G. § 4B1.2(a)(2). He thus maintained his § 924(c) sentence should be vacated and he should be resentenced without § 924(c)'s mandatory minimum or any of the sentencing enhancements previously applied.  *Id.* at 1-2.  On June 28, 2021, McBride's motion was stayed pending resolution of the relevant issues by higher courts.  Order of June 28, 2021, ECF No. 59.  Because the appellate proceedings have now concluded and the issues have been adjudicated, McBride's motion is ripe for disposition and the stay is properly lifted.

**DISCUSSION**

---

[1]  In *Johnson,* the Supreme Court invalidated the "residual clause" in the definition of a "violent felony" in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), as unconstitutionally vague and held that imposing an increased sentence under the clause violated due process.  *See Johnson*, 576 U.S. at 597, 606.  McBride argued the *Johnson* decision applied equally to the similarly worded residual clause in the definition of a "crime of violence" in 18 U.S.C. § 924(c)(3)(B), and, as a result, Hobbs Act robbery no longer qualified as a crime of violence under the statute.  After McBride filed his § 2255 motion, the Supreme Court in *Davis* agreed that subsection (B) of this definition—§ 924(c)(3)'s residual clause—was unconstitutionally vague. 139 S. Ct. at 2336.  The validity of McBride's § 924(c) conviction thus turns on whether the predicate offense of Hobbs Act robbery qualifies as a crime of violence under subsection (A), the statute's "elements clause."

2

Under 28 U.S.C. § 2255, a prisoner in federal custody may move to vacate, set aside, or correct the sentence on the ground it "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). McBride relies on the first ground, arguing his § 924(c) conviction violates due process of law under *Johnson*. Because the record conclusively shows McBride is not entitled to relief, a hearing is unnecessary in this case. *See id.* § 2255(b).

Section 924(c) "authorizes heightened criminal penalties for using or carrying a firearm 'during and in relation to,' or possessing a firearm 'in furtherance of,' any federal 'crime of violence.'" *Davis*, 139 S. Ct. at 2324 (quoting 18 U.S.C. § 924(c)(1)(A)). The statute defines a "crime of violence" as

> an offense that is a felony and—
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

As noted, the Supreme Court held in *Davis* that § 924(c)(3)(B), the "residual clause," was unconstitutionally vague. 139 S. Ct. at 2336. The validity of McBride's § 924(c) conviction thus turns on whether the predicate offense of Hobbs Act robbery qualifies as a crime of violence under subsection (A), the statute's "elements clause." *See United States v. Stoney*, 62 F.4th 108, 111 n.2 (3d Cir. 2023) (recognizing that, after *Davis*, "only § 924(c)(3)(A), the 'elements clause,' contemplates whether a felony offense qualifies as a crime of violence").

The Third Circuit addressed this issue in *United States v. Stoney*, holding "a completed Hobbs Act robbery requires proof of 'the use, attempted use, or threatened use of physical force'" and is thus "categorically a crime of violence under § 924(c)(3)(A)."[2]  62 F.4th at 113-14 (quoting 18 U.S.C. § 924(c)(3)(A)).  Because his § 924(c) conviction remains valid, McBride's § 2255 motion must be denied.[3]  Given the unanimity of Circuit authority on this issue, *see Stoney*, 62 F.4th at 113-14, a certificate of appealability shall not issue, as McBride has not shown reasonable jurists would find the Court's assessment of his constitutional claims debatable or wrong, *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

An appropriate order follows.

BY THE COURT:

/s/  Juan R. Sánchez

Juan R. Sánchez,        C.J.

---

[2]  The Third Circuit previously reached the same conclusion in *United States v. Walker*, 990 F.3d 316 (3d Cir. 2021), in which the ultimate question was whether *attempted* Hobbs Act robbery qualified as a crime of violence under § 924(c)(3)(A).  Because *Walker* was appealed, this case was stayed pending resolution of the certiorari proceedings.  The judgment in *Walker* was later vacated in light of the Supreme Court's decision in *United States v. Taylor*, 142 S. Ct. 2015 (2022), that *attempted* Hobbs Act robbery does not satisfy § 924(c)'s elements clause.  But in *Stoney*, the Third Circuit reaffirmed its earlier holding that "competed Hobbs Act robbery is a valid § 924(c) predicate," noting *Taylor* did not change the court's position.  62 F.4th at 113.

[3]  As noted, McBride also argued in his § 2255 motion that his career offender enhancement under the advisory Federal Sentencing Guidelines violated due process under *Johnson* because his "instant offense of conviction" no longer qualified as a "crime of violence" under the career offender guideline.  Mot. Correct Sent. 2-5.  In *Beckles v. United States*, however, the Supreme Court rejected a claim that the residual clause in the definition of a crime of violence under the career offender guideline was unconstitutionally vague, holding "the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause."  580 U.S. 256, 259 (2017).  Thus, McBride's challenge to his career offender enhancement is foreclosed by *Beckles*.